In the Matter of the Claim of HELEN SQUIRES, Appellant, v. FARE OPERATING CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J.

Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J. Herlihy, P. J., dissents and votes to reverse, in a memorandum. Herlihy, P. J. (dissenting). Upon the present

record it appears that the claimant made such efforts as were reasonably consistent with an attorney-client relationship to prosecute her third-party action and/or properly protect her right to workmen's compensation. Under such circumstances it would be difficult to hold that the termination of the third party action was in any sense a voluntary discontinuance or compromise of it (cf. *Cohn* v. *Borchard Affiliations*, 30 A D 2d 74, dissenting opinion 78, rev'd. 25 N Y 2d 237). There is no reason to assume that employers and their carriers cannot adequately keep themselves apprised of the status and process of third-party actions maintained by claimants and, under the present circumstances, it appears that all of the equities are with the claimant-appellant. The fact that a third-party action was dismissed or discontinued without notice to the compensation insurance carrier is not per se prejudice and it appears that the claimant, apparently without notice of the original dismissal, did everything possible to vacate the said dismissal. There is no evidence that the compensation insurance carrier in any way tried to assist or aid in reopening the dismissal. This record factually or legally does not justify a finding of prejudice in favor of the insurance carrier and against the claimant. The present findings defeat the purpose and intent of workmen's compensation.