In the Matter of the Claim of ISABEL NOYES, Respondent, v. FIRST NATIONAL CITY BANK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 14, 1972.

*Stowell & Taylor* (*William Taylor* of counsel), for appellants.

*Turk, Marsh, Kelly & Hoare* (*Don Allen Resnikoff* and *Alexander L. Caccia* of counsel), for Isabel Noyes, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

KANE, J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed February 24, 1971.

Decedent was employed as a trust officer and died as a result of injuries sustained in an automobile accident while in the course of his employment. A third-party action commenced in Supreme Court was reached for trial during the pendency of the widow's compensation claim. At a pretrial conference a settlement agreement was negotiated which, among other provisions for payment, included a reduction of the lien of the carrier. The amount so waived by the carrier was to be paid to the widow. A duly authorized representative of the carrier participated in settlement negotiations and entered into a stipulation on the record, and upon which a written order was entered, which provided for payments and then further provided that the compensation carrier " does not consent to the settlement of the foregoing claim " and that reduction of the amount of its lien " shall not be construed as consent to the settlement of the third-party claim ". Thereafter the third-party action was settled. More than a year later, at a further compensation hearing, the Referee held that deficiency compensation should be awarded since " the third-party settlement was tantamount to one with consent of the workmen's compensation carrier ".

Appellants argue that subdivision 5 of section 29 of the Workmen's Compensation Law spells out in detail the requirements for an order of compromise that continue a carrier's liability upon settlement of a third-party action and, further, that under the facts presented in this case, there could be no estoppel against the carrier from the benefits of that section. The board has found otherwise and its determination must be sustained.

The precise and formal procedural requirements of the statute are waived when, as under the situation presented in this case, a duly authorized representative of the carrier actively participates in settlement negotiations in the third-party action and obtains a direct benefit for the carrier as a result of the compromise. (*Matter of Timm* v. *Rogers Beauty Salon,* 284 App. Div. 1.) To require a formal application at this juncture would merely add an unnecessary procedural step. It should be noted that the provisions of subdivision 5 of section 29 exist " to pro-

tect the insurer as to the amount of the deficiency; it has no other purpose ". (Seventh Annual Report of N. Y. Judicial Conference, 1962, p. 16.)

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., GREENBLOTT, SIMONS and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.