■　In the Matter of the Claim of EDWARD C. MAHER, Respondent, v STATE UNIVERSITY COLLEGE et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed January 14, 1976 and June 29, 1976. Claimant sustained compensable injuries in an accident on October 29, 1965. The case was closed pending the outcome of a third-party action on December 6, 1970. It was thereafter reopened, closed and then reopened again on August 23, 1973 for further consideration. During this period, claimant's attorney in the third-party action was suspended from practice and ultimately disbarred. The carrier contended, among other things, that any claim for further compensation was barred by section 29 of the Workmen's Compensation Law since a voluntary discontinuance of the third-party action had occurred without its consent. The board in its first decision determined that the claimant did not voluntarily discontinue his third-party action without the consent of the carrier, and that there was never a true closing of the case that would render the Special Fund liable under section 25-a of the Workmen's Compensation Law. An appropriate award for reduced earnings was thereafter made in consideration of the medical evidence presented and sustained by the board in its second decision. We affirm. The determination by the board that claimant did not voluntarily discontinue his third-party action is one of fact, supported by the record, and within the province of the board to make (Matter of Ostolski v C. M. H. Co., 28 AD2d 1036). The medical evidence clearly supports the award made and the liability therefor must rest upon the carrier as determined by the board in the proper exercise of its fact-finding powers (Matter of Scalesse v Printing Adv. Corp., Enterprises Print. Div., 30 NY2d 234). Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.