■ In the Matter of the Claim of DOROTHY DONNELLY, Respondent, v UNITED BUS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from an amended decision of the Workers' Compensation Board, filed September 24, 1982. Claimant, a bus driver, sustained a compensable injury in a vehicular accident on September 23, 1971. Benefits were awarded and, on June 23, 1973, the case was closed pending the outcome of a third-party action. This action was terminated by the granting of a motion for summary judgment made by the attorneys for defendants in the Supreme Court action for inability to prove a prima facie case because of claimant's attorney's failure to comply with an order of preclusion for failure to furnish a bill of particulars in that action. That judgment was affirmed upon appeal taken by new counsel retained by claimant, at her own expense. Upon restoration of the case by the board to the Trial Calendar, a referee found that the third-party action was disposed of without the permission of the carrier to its prejudice and closed the case. Upon review, the board found that the disposition of the third-party action was not voluntary on claimant's part, but due solely to the conduct of her attorney, who failed to proceed with her case in a timely manner, and that her efforts were reasonably consistent with an attorney-client relationship, but that she was precluded from proceeding with her action by her attorney's failure. Although the dismissal of the third-party action under these circumstances constitutes a compromise within the contemplation of subdivision 5 of section 29 of the Workers' Compensation Law, the discontinuance must be the result of some voluntary act on the part of the claimant to relieve the carrier of liability for the payment of the deficiency compensation benefits (*Matter of Maher v State Univ. Coll.*, 59 AD2d 814). Here, efforts of claimant conclusively establish that she made every reasonable effort to pursue the third-party action. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.