■ In the Matter of the Claim of MARY WATERS, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [710 NYS2d 658] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed October 4, 1999, which ruled that claimant's failure to obtain the consent of her self-insured employer to the settlement of a third-party action barred her from receiving further benefits.

The issue on this appeal is whether claimant's settlement of a third-party action without first obtaining the consent of her

self-insured employer precludes her from further workers' compensation benefits. The particular facts herein are fully set forth in our recent decision in *Matter of Waters v City of New York* (256 AD2d 680), wherein we remitted the matter to the Workers' Compensation Board for further proceedings in light of its apparent inconsistent decisions in *Matter of UHS Home Attendants* (WCB No. 08916873 [May 14, 1996]) and *Matter of Maresca* (WCB No. F2940751 [July 14, 1997]). Upon remittal, the Board again concluded that claimant was barred from receiving further benefits because she did not obtain the self-insured employer's consent to the settlement in accordance with Workers' Compensation Law § 29 (5). In so ruling, the Board determined that its decisions in *Matter of UHS Home Attendants* (*supra*) and *Matter of Maresca* (*supra*) were erroneous and should not be followed. Claimant appeals.

We affirm. According to the plain language of Workers' Compensation Law § 29 (5) and the case law construing it, a claimant must obtain the consent of the employer or its insurance carrier to a third-party settlement in order to preserve the right to continue to receive workers' compensation benefits (*see*, Workers' Compensation Law § 29 [5]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19; *Matter of Parmelee v International Paper Co.*, 157 AD2d 878). Inasmuch as the Board has specifically disavowed its decisions in *Matter of UHS Home Attendants* (*supra*) and *Matter of Maresca* (*supra*), they are not controlling and do not require a contrary result under the facts at hand. Although claimant asserts that the Board failed to provide a rational reason for its failure to follow these decisions, we find that the Board's explanation that such decisions were simply wrong constituted a sufficient reason for the departure (*see*, *Matter of Banful v Skyline Credit Ride*, 222 AD2d 871, 872). Claimant's remaining arguments have been examined and found to be lacking in merit.

Carpinello, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.