■ In the Matter of the Claim of JOHN A. KLEINSAK, Appellant, v R.B. SAMUELS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 478]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 8, 2003, which ruled that claimant was barred from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 29.

Claimant was injured in 1987 while working, and eventually was found to have suffered a permanent total industrial disability and received workers' compensation benefits. Claimant also commenced a third-party action. When it reached the top of the trial calendar, claimant's attorney concluded that the third-party action should not go to trial and the case was marked off the calendar while claimant sought a new attorney. When claimant failed to restore the case to the calendar, it was deemed abandoned and dismissed for failure to prosecute on March 28, 1995 pursuant to CPLR 3404. Two years later, the self-insured employer suspended payments, arguing that claimant was barred from receiving further workers' compensation benefits due to his failure to obtain its consent prior to discontinuing the action pursuant to Workers' Compensation Law § 29 (5). A Workers' Compensation Law Judge agreed, finding that no one had advised the self-insured employer that the third-party action was being abandoned, and barred claimant from receiving further workers' compensation benefits. The Workers' Compensation Board affirmed. Claimant now appeals.

We affirm. "According to the plain language of Workers' Compensation Law § 29 (5) and the case law construing it, a claimant must obtain the consent of the employer or its insurance carrier to a third-party settlement in order to preserve the right to continue to receive workers' compensation benefits" (*Matter of Waters v City of New York*, 273 AD2d 786, 787 [2000], *lv denied* 95 NY2d 765 [2000] [citations omitted]; *see* Workers' Compensation Law § 29 [5]; *DeRosa v Petrylak*, 290 AD2d 596, 598 [2002], *lv dismissed and denied* 98 NY2d 643 [2002]). The abandonment and dismissal of a third-party action is such a settlement, even though no prejudice results (*see Matter of Noker v International Paper Co.*, 90 AD2d 939 [1982]; *Matter of Duffy v G.A. Fuller Co.*, 21 AD2d 725 [1964]; *Matter of Gruhn v Miller Brown, Inc.*, 275 App Div 975 [1949]). If, however, "claimant's action was involuntary, [then] there was no discontinuance or settlement in the accepted sense of that term" (*Matter of Ostolski v C.M.H. Co.*, 28 AD2d 1036, 1037 [1967]; *see Matter of Donnelly v United Bus Corp.*, 97 AD2d 587 [1983]).

The question of voluntariness is a factual one for the Board, and the Board's findings will be upheld if substantial evidence supports them (*see Matter of Maher v State Univ. Coll.*, 59 AD2d 814 [1977]).

Here, substantial evidence supports the Board's finding that claimant voluntarily discontinued the action and that Workers' Compensation Law § 29 (5) bars claimant from receiving further workers' compensation benefits. We have examined claimant's remaining contentions, including his estoppel argument, and find them to be without merit.

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.