■ In the Matter of the Claim of SHAYRH NIDAL A.M. SAFI, Respondent, v NEW YORK CITY DEPARTMENT OF EMPLOYMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [864 NYS2d 200]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 22, 2006, which ruled that the dismissal of claimant's third-party action was involuntary and did not bar him from receiving workers' compensation benefits.

Claimant was awarded workers' compensation benefits after

he suffered a permanent partial disability resulting from a work-related injury in 1995. Claimant also commenced a third-party action related to his injury. In 2003, the third-party action was dismissed on default, pursuant to the defendant's unopposed motion to dismiss. Thereafter, the self-insured employer suspended claimant's workers' compensation benefits, contending that he was barred from future benefits by voluntarily abandoning the third-party action pursuant to Workers' Compensation Law § 29 (5). A Workers' Compensation Law Judge (hereinafter WCLJ) agreed, terminating claimant's workers' compensation benefits. On review, the Workers' Compensation Board found the record insufficient to make a determination pursuant to Workers' Compensation Law § 29 and rescinded the WCLJ's decision. Following an additional hearing, the WCLJ found that the abandonment of the third-party action was involuntary on the part of claimant, and the payment of benefits was reinstated. On review the Board affirmed, prompting this appeal.

We affirm. Pursuant to Workers' Compensation Law § 29 (5), the abandonment and dismissal of a third-party action by claimant, without the permission of the employer or its workers' compensation carrier, is grounds for the cessation of claimant's workers' compensation benefits (see Matter of Kleinsak v R.B. Samuels, Inc., 12 AD3d 738, 739 [2004], lv denied 4 NY3d 705 [2005]; Matter of Maher v State Univ. Coll., 59 AD2d 814, 814 [1977]). In order to relieve the employer from future liability, however, claimant's abandonment of the third-party action must be voluntary (see Matter of Kleinsak v R.B. Samuels, Inc., 12 AD3d at 739; Matter of Donnelly v United Bus Corp., 97 AD2d 587, 587 [1983]); "[t]he question of voluntariness is a factual one for the Board, and the Board's findings will be upheld if substantial evidence supports them" (Matter of Kleinsak v R.B. Samuels, Inc., 12 AD3d at 740; see Matter of Maher v State Univ. Coll., 59 AD2d at 814).

Here, claimant testified that prior to the dismissal of the action, he was never made aware by his third-party counsel of the defendant's two motions to dismiss and that his intention was that the action go forward. The employer solely relies on evidence, in the form of an unsworn letter from claimant's third-party counsel to claimant's workers' compensation counsel, which states that counsel did inform claimant in writing that the first, unsuccessful motion to dismiss the action had been filed by the defendant, and claimant never advised his counsel that he wished to pursue the claim. According the Board its proper discretion in weighing conflicting evidence and evaluat-

ing witness credibility (*see Matter of Parrinello v New York City Tr. Auth.*, 47 AD3d 980, 981 [2008]), we find that substantial evidence supports its finding that inaction by claimant's third-party counsel did not constitute a voluntary abandonment of the action by claimant pursuant to Workers' Compensation Law § 29 (5) (*see Matter of Donnelly v United Bus Corp.*, 97 AD2d at 587; *Matter of Maher v State Univ. Coll.*, 59 AD2d at 814; *but see Matter of Squires v Fare Operating Corp.*, 35 AD2d 651, 651 [1970]), and it will not be disturbed.

We have considered the remaining arguments and find them unpersuasive.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.