Matter of Djukanovic v Metropolitan Cleaning LLC (2021 NY Slip Op 03225)





Matter of Djukanovic v Metropolitan Cleaning LLC


2021 NY Slip Op 03225


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

530076
[*1]In the Matter of the Claim of Nazlija Djukanovic, Appellant,
v
Metropolitan Cleaning LLC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

The Perecman Firm, PLLC, New York City (Edward W. Guildi of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Anthony Obiajulu of counsel), for Metropolitan Cleaning LLC and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 15, 2019, which, among other things, ruled that claimant was barred from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 29.
Claimant established a claim for workers' compensation benefits after sustaining injuries at work. Claimant also commenced a third-party action related to those injuries. In May 2015, claimant signed and filed a stipulation of discontinuance with prejudice in the third-party action. In February 2016, the employer's workers' compensation carrier thereafter suspended claimant's benefit payments after learning that claimant discontinued the third-party action without obtaining its consent. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the carrier had improperly stopped making benefit payments without requesting a hearing, awarded claimant 20 weeks of benefits and assessed a penalty against the carrier. The WCLJ also found that claimant had discontinued the third-party action without the carrier's consent, resulting in a forfeiture of any future benefits.
Upon administrative appeal by the employer and its workers' compensation carrier, as well as by claimant, the Workers' Compensation Board, by decision filed May 18, 2018, agreed with the WCLJ's finding that the carrier erred in stopping payments without being directed to do so, but modified the WCLJ's decision by reducing awards to claimant to 14 weeks of benefits and the penalty against the carrier. The Board also affirmed the WCLJ's finding that claimant compromised her claim by not obtaining the consent of the carrier before discontinuing the third-party action and, therefore, was ineligible to collect future benefits. The Board denied the parties' subsequent applications for reconsideration and/or full Board review.
Claimant and the employer and its carrier appealed the Board's May 18, 2018 decision. After those appeals were perfected, the Board, by decision filed May 15, 2019, amended its prior decision, finding that the carrier was entitled to suspend benefit payments on the date that claimant discontinued the third-party action. As such, the Board modified its prior decision by rescinding the penalty against the carrier and rescinding any WCLJ decisions issuing awards to claimant after that date. Based upon the amended decision, this Court dismissed, as moot, the pending appeals (177 AD3d 1060 [2019]). Claimant appeals from the Board's May 15, 2019 decision.
We affirm. Where a claimant pursues a third-party action in connection with an underlying workers' compensation claim, Workers' Compensation Law § 29 (1) provides that an employer or carrier has a lien against a third-party recovery for compensation and medical expenses already paid (see Matter of Brisson v County of Onondaga, 6 NY3d 273, 277 [2006]; Matter of Amacio v Tully Constr., 82 AD3d 1371, 1371-1372 [2011]). Furthermore, "Workers' Compensation [*2]Law § 29 (4) gives the employer or carrier a corollary right to offset a claimant's future compensation benefits with the proceeds of any recovery" (Matter of Brisson v County of Onondaga, 6 NY3d at 277). As such, a claimant is required to either procure the carrier's consent or obtain a compromise order from the court in which a third-party action is pending in order to settle a third-party action and continue receiving compensation benefits (see Workers' Compensation Law § 29 [5]; Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19 [1994]; Matter of Rodriguez v New Sans Souci, N.H., 98 AD3d 1205, 1205 [2012], lv denied 20 NY3d 856 [2013]; Matter of Kleinsak v R.B. Samuels, Inc., 12 AD3d 738, 739 [2004], lv denied 4 NY3d 705 [2005]).
The record establishes that claimant signed a stipulation of discontinuance with prejudice without obtaining the carrier's consent. By so doing, claimant forfeited her right to future workers' compensation benefits (see Matter of Kleinsak v R.B. Samuels, Inc., 12 AD3d at 740). Although claimant asserts that the third-party action would have been unsuccessful and, therefore, there was no prejudice to the carrier in not obtaining its consent, such assertion is not only speculative, but is without merit as the carrier's consent as to the dismissal is required, "even though no prejudice results" (id. at 739). The record belies claimant's contention that the Board failed to address her argument that laches precludes the carrier from raising a defense to the discontinuance of the third-party action. The Board specifically noted that claimant failed to demonstrate that the carrier waited an unreasonable or unexplainable length of time before asserting its rights, as the record establishes that the carrier was not informed nor aware of the discontinuance of the third-party action until such time as it suspended payments.
We are also unpersuaded by claimant's contention that the Board erred in rescinding the penalty imposed against the carrier. Workers' Compensation Law § 25 (3) (f) provides, as relevant here, that, "[i]f the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within [10] days . . ., there shall be imposed a penalty equal to [20%] of the unpaid compensation" paid to the claimant. However, as noted above, settling a third-party action without the carrier's consent precludes a claimant from receiving further compensation benefits (see Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d at 19; Matter of Safi v New York City Dept. of Empl., 54 AD3d 1107, 1108 [2008]; Matter of Vincent v Geneva Pizza, 196 AD2d 917, 917 [1993], lv denied 83 NY2d 752 [1994]). Having voluntarily stipulated to the discontinuance of the third-party action without the carrier's consent in May 2015, claimant was precluded, at that point, from receiving further compensation benefits. As such, we find no error in the [*3]Board rescinding the WCLJ's decisions awarding claimant benefits after the date of the discontinuance. Furthermore, as claimant forfeited her right to future benefits as of the date of the discontinuance, the Board's finding that a penalty against the carrier pursuant to Workers' Compensation Law § 25 (3) (f) was not warranted as the carrier suspended payments subsequent thereto is supported by substantial evidence and will not be disturbed. Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.