Matter of DeGennaro v H. Sand & Co., Inc. (2021 NY Slip Op 05376)





Matter of DeGennaro v H. Sand & Co., Inc.


2021 NY Slip Op 05376


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

532166
[*1]In the Matter of the Claim of Sergio DeGennaro, Appellant,
v
H. Sand & Co., Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Burke, Conway & Stiefeld, White Plains (Natasha U. Patel of counsel), for H. Sand & Co., Inc. and another, respondents.



Colangelo, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 19, 2020, which, among other things, ruled that claimant was barred from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 29, and (2) from a decision of said Board, filed June 5, 2020, which denied claimant's application for reconsideration and/or full Board review.
Claimant sustained work-related injuries to his back and knees in 2004 when he was struck by a vehicle insured by Travelers Insurance Company. In addition to the awards paid by the employer's workers' compensation carrier, claimant sought relief from the vehicle owner and ultimately obtained a settlement from Travelers totaling approximately $1.6 million. As a result, the carrier was permitted to suspend payments, and claimant was directed to provide a copy of the third-party closing statement and proof of the carrier's consent to the settlement. Additionally, Travelers apprised claimant that the carrier had a lien against the settlement proceeds totaling approximately $95,000 and of claimant's need to reimburse the carrier for two thirds of that sum. In response, claimant tendered a check to the carrier in 2007 in the amount of $63,333, which the carrier cashed.
Believing that the carrier had been overpaid, plaintiff commenced an action against the carrier in 2013 seeking, among other things, reimbursement for the amount of the alleged overpayment. The carrier answered and denied the allegations set forth in the complaint, including claimant's assertion that the carrier consented to the settlement of claimant's third-party claim.[FN1] Following a hearing to determine whether the carrier had consented to such settlement, a Workers' Compensation Law Judge found that the carrier actively participated in the settlement negotiations of the third-party claim and, in turn, received a direct benefit in the form of repayment of its workers' compensation lien. Upon administrative review, the Workers' Compensation Board reversed, finding that claimant failed to obtain the carrier's consent to the settlement as required by Workers' Compensation Law § 29 (5) and, therefore, claimant was barred from receiving further workers' compensation benefits related to his claim. Claimant's subsequent application for reconsideration and/or full Board review was denied, and these appeals ensued.[FN2]
We affirm. Where, as here, a claimant pursues third-party relief "in connection with an underlying workers' compensation claim, Workers' Compensation Law § 29 (1) provides that an employer or carrier has a lien against a third-party recovery for compensation and medical expenses already paid" (Matter of Djukanovic v Metropolitan Cleaning LLC, 194 AD3d 1275, 1277 [2021]; see Matter of Tamara v Airborne Express, Inc., 100 AD3d 1060, 1061 [2012]; Matter of Amacio v Tully Constr., 82 AD3d 1371, 1371-1372 [2011]). "In order for a claimant to settle a third-party [claim] and continue to receive workers' [*2]compensation benefits, either the written consent of the carrier to the settlement or a compromise order from the court . . . is required" (Matter of Amacio v Tully Constr., 82 AD3d at 1372; see Workers' Compensation Law § 29 [5]; Djukanovic v Metropolitan Cleaning LLC, 194 AD3d at 1277; Matter of Hisert v Ron Allen Trucking Inc., 174 AD3d 1185, 1185 [2019]). Claimant bears the burden of establishing that the proper consent was obtained (see Matter of Hisert v Ron Allen Trucking Inc., 174 AD3d at 1185; Matter of Amacio v Tully Constr., 82 AD3d at 1372), and whether such consent was procured presents a factual issue for the Board to resolve (see Matter of Hisert v Ron Allen Trucking Inc., 174 AD3d at 1185).
Although there is no dispute that the carrier was aware of the settlement and that the check tendered by claimant satisfied the carrier's then-existing lien, neither the documentary evidence contained in the record nor the testimony adduced at the hearing established that the carrier consented to the settlement of the third-party claim or that claimant obtained a nunc pro tunc order approving the settlement. Indeed, counsel for claimant conceded at the hearing that the carrier's written consent to settle the third-party claim was not obtained — arguing instead that such consent was waived by the carrier's participation in the settlement thereof. The record, however, is devoid of proof that the carrier actively participated in the settlement negotiations and, therefore, the mere fact that the carrier's lien was satisfied is insufficient to waive the formal consent requirements of Workers' Compensation Law § 29 (5) (compare Matter of Noyes v First Natl. City Bank, 39 AD2d 183, 184 [1972], affd 33 NY2d 723 [1973]). In short, the Board's decision finding that claimant failed to obtain the carrier's consent prior to settling his third-party claim (or procure a nunc pro tunc order) is supported by substantial evidence and, as such, it will not be disturbed (see Matter of Hisert v Ron Allen Trucking Inc., 174 AD3d at 1186).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: In the interim, claimant failed to produce proof of the carrier's consent to the settlement, resulting in his workers' compensation claim being marked "closed on prior findings and awards." Claimant then filed a request for further action, which, in turn, gave rise to the ensuing hearing.

Footnote 2: As claimant has not advanced any arguments in his brief relative to the Board's June 5, 2020 decision denying his application for reconsideration and/or full Board review, we deem his appeal from that decision to be abandoned (see Matter of Rivera v Joseph L. Balkan, Inc., 193 AD3d 1214, 1214 n [2021]; Matter of Farrulla v SUNY at Stony Brook, 193 AD3d 1206, 1207 n 3 [2021]).