Matter of Fuller-Astarita v ABA Transp. Holding Co. (2022 NY Slip Op 00098)





Matter of Fuller-Astarita v ABA Transp. Holding Co.


2022 NY Slip Op 00098


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532903
[*1]In the Matter of Joanne Fuller-Astarita, Appellant,
v
ABA Transportation Holding Company, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Sullivan Papain Block McGrath Coffinas & Cannavo PC, New York City (Brian J. Shoot of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas Lumpkin of counsel), for ABA Transportation Holding Company, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed August 3, 2020, which denied an application by Joanne Fuller-Astarita for a rehearing or reopening.
The underlying facts are set forth in this Court's prior decision in this matter (176 AD3d 1530 [2019]). Briefly, Joanne Fuller-Astarita, a bus driver's assistant, was struck by a bus owned by her employer and sustained various injuries. Although Fuller-Astarita did not file a claim for workers' compensation benefits as a result of this incident, her employer did, and a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that Fuller-Astarita sustained work-related injuries, prompting her to seek review by the Workers' Compensation Board. Based upon counsel's incomplete response to question 12 on the RB-89 form, the Board denied the application for review, among other things, concluding that it had not been filled out completely. Upon appeal to this Court, we affirmed, finding that Fuller-Astarita abandoned any challenge to the denial of her application for review by failing to address it in her appellate brief. This Court further noted that "the Board's decision denying the application for review did not address the merits of the WCLJ's decision, but was limited to [Fuller-Astarita's] failure to follow the Board's procedural rules and regulations. As such, Fuller-Astarita's arguments . . . regarding the underlying merits of the WCLJ's decision are not properly before us" (id. at 1531).
Following our decision, Fuller-Astarita filed an application with the Board seeking a rehearing or reopening and contending that the Board lacked subject matter jurisdiction over the claim. The employer opposed the requested relief, arguing that such application was untimely. The Board rejected the employer's timeliness claim and addressed the merits of Fuller-Astarita's subject matter jurisdiction argument, concluding that the Board did in fact have subject matter jurisdiction over the underlying claim. The Board then denied the application. This appeal by Fuller-Astarita ensued.
We affirm. Preliminarily, we reject Fuller-Astarita's assertion that the Board actually granted her application for a reopening and adhered to its prior decision, thereby invoking the substantial evidence standard and bringing the merits of the disputed claim before this Court for review. The Board's decision denying the application for a rehearing or reopening makes clear that it rejected the employer's timeliness objection thereto and elected "to review the application on the merits" (emphasis added). Simply put, nothing on the face of the Board's decision indicates — as Fuller-Astarita now argues — that the Board revisited the merits of the underlying WCLJ decision.
Turning to the jurisdictional issue, "the Board has continuing power and jurisdiction over each claim, and it may in its discretion modify or change an award 'as in its opinion may be just'" (Matter of Jones v Burrell Orchards, Inc., 184 [*2]AD3d 919, 921 [2020], quoting Workers' Compensation Law § 123). Further, the Board's regulations permit a party in interest to apply for the rehearing or reopening of a claim upon various grounds, including — as relevant here — that such rehearing or reopening "would be in the interest of justice" (12 NYCRR 300.14 [a] [3]). However, the decision to grant or deny an application for a reopening or rehearing lies within the sound discretion of the Board and, absent an abuse of that discretion, the Board's decision will not be disturbed (see Matter of Narine v Two Bros. for Wholesale Chicken Inc., 198 AD3d 1040, 1043 [2021]; Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1831 [2020]; Matter of Carrasquillo v Kiska Constr., Inc., 181 AD3d 1144, 1145 [2020]).
Here, Fuller-Astarita's application for a rehearing or reopening was based upon her assertion that the Board lacked subject matter jurisdiction over the claim. Fuller-Astarita appears to be conflating the Board's jurisdiction over the underlying claim with the statutory authority to issue an award. However, the fact that the WCLJ may have reached an erroneous determination relative to the merits of the claim for compensation does not, as Fuller-Astarita apparently believes, divest the Board of jurisdiction over the claim in the first instance. As the Board correctly observed, for subject matter jurisdiction, "[t]he test in all cases is the place where the employment is located" (Matter of Cameron v Ellis Constr. Co., 252 NY 394, 397 [1930]). "[I]f it appears that the . . . employment had sufficient significant contacts with New York such that it may reasonably be concluded that the employment was located here, then subject matter jurisdiction exists" (Matter of Barnett v Callaway, 146 AD3d 1215, 1216 [2017] [internal quotation marks and citations omitted]). As there is no dispute that Fuller-Astarita is a New York resident and that the accident occurred — and the employer's premises are located — in this state, the Board correctly concluded that it had subject matter jurisdiction over the underlying claim. As such, the Board did not abuse its discretion in denying Fuller-Astarita's application for a rehearing or reopening upon this ground. In light of this conclusion, the remaining arguments raised by Fuller-Astarita are not properly before us.
Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.