Miller v W Servs. Group, LLC (2023 NY Slip Op 03994)

Miller v W Servs. Group, LLC

2023 NY Slip Op 03994

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

270 CA 22-01500

[*1]DAVID L. MILLER AND JAMIE A. MILLER, PLAINTIFFS-RESPONDENTS,
v
W SERVICES GROUP, LLC, DEFENDANT. SAFETY NATIONAL CASUALTY CORP., APPELLANT. 

LOIS LAW FIRM, LLC, NEW YORK CITY (ADDISON O'DONNELL OF COUNSEL), FOR APPELLANT. 
AARON ZIMMERMAN, SYRACUSE, FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered September 7, 2022. The order, among other things, granted plaintiffs' motion insofar as it sought an order enforcing the terms of the purported settlement agreement between plaintiff David L. Miller and Safety National Casualty Corp. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion insofar as it seeks an order enforcing the terms of the purported settlement agreement between plaintiff David L. Miller and Safety National Casualty Corp. is denied and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David L. Miller (plaintiff) when he slipped and fell on a bathroom floor in a shopping mall. The complaint alleges that defendant, which provided janitorial services at the mall, was responsible for creating the allegedly dangerous condition in the bathroom. At the time of the accident, plaintiff was employed by nonparty Apple, Inc. (Apple) at a store in the mall, and his injuries prevented him from returning to work for an extended period of time. He therefore received workers' compensation benefits from Apple's insurance carrier, nonparty Safety National Casualty Corp. (Safety National).
In January 2022, while still receiving workers' compensation benefits, plaintiffs agreed to settle this action against defendant for $1,350,000. Before executing a release, however, plaintiffs sought to obtain consent to the settlement from Safety National, which had a net lien of approximately $146,000 for lost wages and medical benefits paid to plaintiff (see Workers' Compensation Law § 29 [5]). Plaintiffs' attorney proposed a "walk away" agreement, also referred to as a "zero dollar" settlement pursuant to Workers' Compensation Law § 32, whereby Safety National would waive its lien in return for plaintiff waiving his right to receive future workers' compensation benefits. In a February 2022 email, Safety National's attorney agreed to the proposal and stated that he would draft the settlement papers and consent letter.
Several weeks later, before the settlement agreement was executed or the consent letter was issued, Safety National learned that plaintiff had returned to work, prompting its attorney to advise plaintiffs' counsel via email that "the terms and figures/amounts of the agreement will have to be re-drafted." Believing that they had a binding agreement with the carrier, plaintiffs refused to renegotiate the terms and instead filed a motion by order to show cause in Supreme Court, seeking an order enforcing the terms of the purported settlement agreement between plaintiff and Safety National. In the alternative, plaintiffs sought an order authorizing the settlement of this negligence action without Safety National's consent. The court agreed with plaintiffs that they had a binding agreement with Safety National, and the resulting order granted [*2]plaintiffs' motion insofar as it sought an order enforcing the terms of the purported settlement agreement between plaintiff and Safety National and directed Safety National to "provide a revised consent letter, containing a waiver of the Workers' Compensation Law § 29 lien in the amount of $146,673.73, in the appropriate form, to [plaintiff]." Safety National, on behalf of Apple, now appeals.
Pursuant to Workers' Compensation Law § 29 (1), Safety National has a statutory "lien on the proceeds of any recovery" that plaintiff received from the tortfeasor. If plaintiff wished to settle this personal injury action and continue receiving workers' compensation benefits, he was required to obtain the consent of Safety National to the settlement "or a compromise order from the court in which [this] action [was] pending" (Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19 [1994]; see Matter of Degennaro v H. Sand & Co., Inc., 198 AD3d 1045, 1046 [3d Dept 2021]). Plaintiff's failure to obtain either Safety National's consent to the settlement of this action or a compromise order from the court would result in the termination of future workers' compensation benefits to plaintiff.
Here, we conclude that, although the court had jurisdiction to approve plaintiff's settlement with defendant in the absence of Safety National's consent, thereby allowing plaintiff to continue to receive workers' compensation benefits, the court had no authority to determine that Safety National waived its statutory lien. Workers' Compensation Law § 32 (a) provides that, when a workers' compensation claim has been filed, any agreement between the claimant and the carrier "determining the compensation and other benefits due to the claimant or [the claimant's] dependents . . . shall not bind the parties unless it is approved by the [Workers' Compensation Board (Board)]." Pursuant to section 32 (b), the Board shall approve the agreement unless "(1) the [B]oard finds the proposed agreement unfair, unconscionable, or improper as a matter of law; (2) the [B]oard finds that the proposed agreement is the result of an intentional misrepresentation of material fact; or, (3) within ten days of submitting the agreement one of the interested parties requests that the [B]oard disapprove the agreement." As the Practice Commentaries explain, "[a]ny agreement of the employer to waive or reduce the lien, or to waive its right to offset against the recovery, should be clear and in writing or it may not exist. A dispute between the parties as to whether there was any agreement between the employer and the claimant will be settled by the Board" (Martin Minkowitz, Prac Commentaries, McKinney's Cons Laws of NY, Workers' Compensation Law
§ 29).
Inasmuch as the alleged agreement between plaintiff and Safety National—whereby plaintiff would waive future workers' compensation benefits in return for Safety National's waiver of its lien—was never approved by the Board, which has exclusive jurisdiction to approve all settlements of workers' compensation claims, the alleged agreement is unenforceable. Under the circumstances, we conclude that the court erred in granting plaintiffs' motion insofar as it seeks an order enforcing the terms of the purported settlement agreement between plaintiff and Safety National and in ordering Safety National to "provide a revised consent letter, containing a waiver of its Workers' Compensation Law § 29 lien." We therefore reverse the order and remit the matter to Supreme Court for a determination of the alternative relief sought in the motion.
In light of our determination, Safety National's remaining contentions are academic.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court