Matter of Salvia v Nutritional Frontiers LLC (2023 NY Slip Op 06177)

Matter of Salvia v Nutritional Frontiers LLC

2023 NY Slip Op 06177

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

535150
[*1]In the Matter of the Claim of Leonore Salvia, Appellant,
v
Nutritional Frontiers LLC, Respondent, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Luke R. Tarantino of counsel), for Nutritional Frontiers LLC, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed March 29, 2022, which, among other things, ruled that claimant was barred from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 29.
Claimant was injured in a work-related motor vehicle accident in August 2013. In January 2014, a third-party action was commenced on her behalf, seeking damages from the driver and the owner of the other vehicle involved in the accident. In January 2015, claimant signed a discharge relieving her counsel from further representation in the third-party action. In February 2015, she filed a claim for workers' compensation benefits for injuries arising from the August 2013 accident.[FN1]
In June 2021, the employer and the Uninsured Employers' Fund, acting as the workers' compensation carrier, submitted a request for further action seeking suspension of claimant's benefits on the ground that claimant had settled a third-party action without their consent (see Workers' Compensation Law § 29 [5]). Following a September 2021 hearing, which also addressed the issue as to whether claimant had made misrepresentations about the third-party action in violation of Worker's Compensation Law § 114-a, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had not settled the third-party action without consent and found no Workers' Compensation Law § 114-a violation. Upon administrative review, the Workers' Compensation Board reversed on both grounds and discontinued the payment of her claim. Claimant appeals.
Pursuant to Workers' Compensation Law § 29 (1), a claimant may pursue a third-party action for damages arising out of the same accident as a workers' compensation claim, but the employer or carrier has a lien against any recovery for compensation and medical expenses already paid (see Matter of Brisson v County of Onondaga, 6 NY3d 273, 277 [2006]). Further, "[t]he employer or carrier also has a right to offset future compensation benefits against the recovery" (Matter of Amacio v Tully Constr., 82 AD3d 1371, 1372 [3d Dept 2011]; see Matter of Djukanovic v Metropolitan Cleaning LLC, 194 AD3d 1275, 1277 [3d Dept 2021]). A claimant may settle the third-party action and preserve the right to continued workers' compensation benefits, provided that the claimant obtains consent to the settlement from the employer or the carrier or obtains a compromise order from the court in which the third-party action is pending (see Workers' Compensation Law § 29 [5]; Matter of Djukanovic v Metropolitan Cleaning LLC, 194 AD3d at 1277; Matter of Rodriguez v New Sans Souci, N.H., 98 AD3d 1205, 1205 [3d Dept 2012], lv denied 20 NY3d 856 [2013]). If a claimant's conduct in discontinuing the action was involuntary, "then there was no discontinuance or settlement in the accepted sense of that term" (Matter of Kleinsak v R.B. Samuels, Inc., 12 AD3d 738, 739 [3d Dept 2004] [internal quotation marks, brackets and citation omitted], lv denied [*2]4 NY3d 705 [2005]; see Matter of Donnelly v United Bus Corp., 97 AD2d 587, 587 [3d Dept 1983]).
It is undisputed that claimant did not obtain consent from either the employer or the carrier to settle her third-party action. The record reflects that, several months after the discharge of claimant's counsel, counsel for the defendants filed a request for judicial intervention and preliminary conference. Court records reflect that the action was "settled" at the time of that conference, on April 1, 2015. When questioned in 2021, claimant testified that she could not recall what had transpired at the preliminary conference, including the circumstances regarding the termination of the action. There is no indication in the record that claimant received any compensation in that action, nor that the action had any merit.[FN2] Nonetheless, given the dearth of evidence as to the circumstances of the termination of the third-party action, the Board's determination that claimant settled her third-party action without the requisite consent is supported by substantial evidence, and it will not be disturbed (see Matter of Degennero v H. Sand & Co., Inc., 198 AD3d 1045, 1047 [3d Dept 2021]; Matter of Hisert v Ron Allen Trucking Inc., 174 AD3d 1185, 1186 [3d Dept 2019]).[FN3]
We reach a different conclusion as to the Board's finding of a violation of Workers' Compensation Law § 114-a. "A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d 1322, 1322-1323 [3d Dept 2021]). Although Workers' Compensation Law § 114-a violations are within the province of the Board, as the sole arbiter of witness credibility, the Board's determination must be supported by substantial evidence (see Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076-1077 [3d Dept 2022]; Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1183 [3d Dept 2022]).[FN4]
Here, the Board reversed the WCLJ, who had found "no evidence of a wi[l]lful misrepresentation with the intent to deceive either the Board or the carrier or anyone [who] has an interest." The Board's contrary determination relied in part upon what it characterized as a discrepancy between claimant's testimony during two different appearances. In 2015, during a brief appearance to find jurisdiction and set the matter for trial, claimant's attorney asked her whether she was "suing any third party for injuries," and she responded, "Yes." Her attorney then immediately asked, "Only this claim?" to which she also replied, "Yes." The WCLJ interjected, "We have to ask to see if there is a Supreme Court action." Claimant's attorney then asked about the date of the next hearing[*3], the WCLJ stated a time and expected duration and the employer's attorney is recorded as having added, "Case was not even filed." The WCLJ then directed that the record be held, and an off-record discussion took place, after which the appearance concluded. In 2016, claimant was asked during a hearing whether she had sued anyone, and she repeatedly denied having done so. When questioned about the foregoing in 2021, she explained that the 2016 denial was based upon her belief that, because she was no longer pursuing her third-party action, it did not constitute bringing a lawsuit.
The Workers' Compensation Board characterized claimant's 2015 testimony as "confirm[ing] that she was suing a third party." It noted the significance of the inconsistency between that purported confirmation and her subsequent denials, discredited her 2021 explanation that she denied having sued anyone because she lacked understanding of the law and concluded that she willfully made false statements in violation of Workers' Compensation Law § 114-a.
Although we found the limited evidence adequate to support the Board's finding relative to Worker's Compensation Law § 29 (5), we find the Board's characterization of claimant's 2015 testimony to be based upon speculation and surmise (see Matter of Persons v Halmar Intl., LLC, 171 AD3d 1317, 1318-1319 [3d Dept 2019]; Matter of Donato v Aquarian Designs, Inc., 96 AD3d 1302, 1304 [3d Dept 2012]). Given that the Board's finding in this respect was central to its conclusion that claimant had made a willful misrepresentation, we must reverse the Board's finding of a Workers' Compensation Law § 114-a violation.
Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found a violation of Worker's Compensation Law § 114-a, and, as so modified, affirmed.

Footnotes

Footnote 1: The claim was established for injuries to claimant's neck, back, left hip and left knee, and she was subsequently classified with a permanent partial disability and a loss of wage-earning capacity of 50%.

Footnote 2: Claimant's counsel on appeal baldly asserts that she was "abandoned" by counsel and that the "third party case lacked merit," but counsel has failed to submit any documentation supporting these claims. Footnotes within the brief for claimant reference documents that are not found within the record.

Footnote 3: Notably, the Board advised claimant that, despite the lack of consent to the settlement and her failure to obtain a compromise order, she could still obtain a judicial order nunc pro tunc approving the settlement (see Workers' Compensation Law § 29 [5]; Matter of Cosgrove v County of Ulster, 51 AD3d 1326, 1327 [3d Dept 2008]). From the brief, it appears that she may have petitioned Supreme Court for such an order.

Footnote 4: "Although the Board has not yet determined the penalty to be imposed, the question of whether claimant violated Workers' Compensation Law § 114-a presents a threshold legal issue that may be dispositive and, thus, the Board's decision is reviewable on appeal" (Matter of Michaels v Towne Ford, 9 AD3d 733, 733 n [3d Dept 2004] [citations omitted]).