Matter of Puccio v Absolute Chimney & Home Improvement, LLC (2023 NY Slip Op 06288)

Matter of Puccio v Absolute Chimney & Home Improvement, LLC

2023 NY Slip Op 06288

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

535748 533778 536208 CV-22-2049
[*1]In the Matter of the Claim of Anthony Puccio, Appellant,
v
Absolute Chimney & Home Improvement, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Law Firm of Alex Dell, PLLC, Albany (Alex C. Dell of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Kelly A. O'Neill of counsel), for Absolute Chimney & Home Improvement, LLC and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 20, 2021, which ruled that an employer-employee relationship did not exist between claimant and Absolute Chimney & Home Improvement, LLC and disallowed claimant's claim for workers' compensation benefits, (2) from a decision of said Board, filed June 29, 2022, which denied claimant's application for reconsideration and/or full Board review, (3) from a decision of said Board, filed September 27, 2022, which denied claimant's application for a rehearing or reopening, and (4) from a decision of said Board, filed November 8, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a masonry worker, slipped and fell from a roof in September 2019 and was rendered paraplegic. In December 2019, he filed a claim for workers' compensation benefits, listing Absolute Chimney & Home Improvement, LLC as his employer and reporting his position as foreperson. The State Insurance Fund (hereinafter SIF) initially accepted the claim with liability. A series of subsequent and/or amended reports of injury followed, in which SIF variously indicated that such claim was with or without liability.[FN1] SIF ultimately controverted the claim following receipt of a profit-sharing agreement signed by claimant and Natale Longordo, alleging that claimant was a partner in — as opposed to an employee of — Absolute Chimney and that the subject policy excluded such individuals from coverage by statute.[FN2]
Following a hearing in August 2020, a Workers' Compensation Law Judge (hereinafter WCLJ) found that SIF had raised the issue of no coverage, directed claimant to file his tax returns for 2016 through 2019 and continued the matter. Additional documentation was filed, and, following another hearing and the production of claimant's tax returns, the WCLJ disallowed the claim, finding, among other things, that claimant was not covered under SIF's policy.[FN3] Upon administrative review, the Workers' Compensation Board affirmed, concluding that there was insufficient evidence to support a finding that claimant was an employee of Absolute Chimney prior to and at the time of the accident. Claimant's subsequent application for reconsideration and/or full Board review was unsuccessful, as were his applications for a rehearing or reopening and reconsideration and/or full Board review of the denial of his rehearing/reopening request. These appeals ensued.
Claimant initially contends that the Board erred in denying his application for a rehearing or reopening in the interest of justice (see 12 NYCRR 300.14 [a] [3]) — a determination that "is subject to judicial review only for an abuse of discretion" (Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1831 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Fuller-Astarita v ABA Transp. Holding Co., 201 AD3d 1108, 1109 [3d Dept 2022], lv dismissed 38 NY3d 1171 [2022]). Specifically, claimant argues that SIF should [*2]be barred from denying coverage based upon its failure to comply with the provisions of Workers' Compensation Law § 21-a (3), which permits an employer to cease making temporary payments of compensation if, within five days after the last payment, the employer delivers to the injured claimant and the Board a notice of termination in the prescribed form. The record reflects that payments to claimant ceased on July 23, 2020 and that SIF filed a prehearing conference statement advising that it was controverting the claim for lack of coverage on July 28, 2020. The following day — six days after it suspended payments to claimant — SIF filed the required notice of termination.
Although the Board concedes that it erroneously concluded that SIF had complied with the temporal requirements of Workers' Compensation Law § 21-a (3), that error does not render its denial of claimant's application for a rehearing or reopening an abuse of discretion. As the Board noted, despite having ample opportunity to do so, claimant raised no objection regarding Workers' Compensation Law § 21-a (3) at the underlying hearing, in his application for administrative review or in his application for reconsideration and/or full Board review. The first time that claimant challenged SIF's compliance with the statute was in his application for a rehearing or reopening. We therefore agree with the Board that this issue was unpreserved for its review (see Matter of Narine v Two Bros. for Wholesale Chicken Inc., 198 AD3d 1040, 1042 [3d Dept 2021]; see also 12 NYCRR 300.13 [b] [4] [v]). Additionally, as SIF filed the required notice of termination within one year of commencement of the temporary payments to claimant, its noncompliance with Workers' Compensation Law § 21-a (3) does not, as claimant contends, equate to an admission of liability (compare Workers' Compensation Law § 21-a [4]). Under these circumstances, we cannot say that the Board abused its discretion in denying claimant's application for a rehearing or reopening upon this ground. Accordingly, the Board's September 27, 2022 decision is affirmed.
Turning to the crux of the parties' dispute, whether claimant was an employee of or a partner in Absolute Chimney, "[t]he existence of an employer-employee relationship is a question of fact for the Board to resolve[,] and its determination will not be disturbed if supported by substantial evidence" (Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1130 [3d Dept 2020] [internal quotation marks and citations omitted]). "[A]s the sole arbiter of witness credibility, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Saporito v Office of Ct. Admin., 217 AD3d 1031, 1033 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1148 [3d Dept 2023]).
Both claimant and Longordo testified [*3]that the profit-sharing agreement executed in June 2016 was designed solely to incentivize claimant and encourage him to remain affiliated with Absolute Chimney; such agreement, they maintained, was neither intended to nor did in fact alter claimant's status as an employee of Absolute Chimney — a sentiment echoed by the witnesses who testified on behalf of the company. The WCLJ and the Board, however, discredited such testimony and relied instead upon certain documentary evidence in the record, including the tax returns filed by Absolute Chimney and claimant, as well as audit reports prepared by SIF. Although claimant was issued a W-2 for 2019, Absolute Chimney filed a federal and state partnership return for tax year 2018; claimant was listed on the federal return as a 50% owner of the company and was issued a K-1 statement. Similarly, for tax years 2016 to 2018, claimant filed federal and state tax returns that reflected partnership income attributable to Absolute Chimney. The accountant who prepared the tax returns for both Absolute Chimney and claimant testified that such returns were based upon erroneous information regarding claimant's status and would need to be amended, but this testimony presented a credibility issue for the Board to resolve.
SIF audit reports encompassing the period from February 2016 through February 2019 also listed claimant as a partner in Absolute Chimney. The underwriter who testified at the hearing on behalf of SIF stated that, although claimant was identified as an employee prior to 2016, he was not "picked up as an employee" at any point after 2016, following the execution of the profit-sharing agreement. Indeed, in January 2017, Longordo had made an affirmative request that SIF "rebill" the underlying workers' compensation policy, asserting that Absolute Chimney was "now owner operated exclusively in the field and no longer [had] employees out in the field."[FN4]
This proof constitutes substantial evidence to support the Board's finding that "claimant was a profit[-]sharing partner/owner of [Absolute Chimney] and not an employee" — notwithstanding the fact that the profit-sharing agreement did not identify claimant as an owner of Absolute Chimney. Similarly, although the record does not contain a copy of the relevant workers' compensation policy, SIF's underwriter testified that such "owners are automatically excluded" from coverage thereunder (see Workers' Compensation Law § 54 [8]). We therefore conclude that the Board properly disallowed the claim, and the Board's July 20, 2021 decision also is affirmed.
Finally, as claimant's brief makes only a passing reference to the denial of his respective applications for reconsideration and/or full Board review, without further substantive arguments, we deem the challenges to the Board's June 29, 2022 and November 8, 2022 decisions to be abandoned (see Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1187 n 3 [3d Dept 2021]; Matter of Degennaro v H. Sand & [*4]Co., Inc., 198 AD3d 1045, 1046 n 2 [3d Dept 2021]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur; Ceresia, J., not taking part.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Workers' Compensation Law § 21-a (1) permits a workers' compensation carrier to pay lost wages and medical benefits for up to one year without admitting liability for the claim and without prejudice to its right to contest the claim. In May 2020, the Workers' Compensation Board advised claimant that, as it had received notice that the relevant payments no longer were without prejudice to liability, Absolute Chimney was deemed to have responsibility for the claim.

Footnote 2: Longordo terminated the profit-sharing agreement, as well as Absolute Chimney's relationship with claimant, effective October 1, 2019.

Footnote 3: Notably, the WCLJ also found that Longordo violated Workers' Compensation Law § 114-a. As the claim was being disallowed, there was no finding of a violation as to claimant.

Footnote 4: Upon review, it is deeply troubling that it appears that Longordo was potentially deceiving claimant relative to the existence of insurance protection and coverage; nonetheless, SIF was legally entitled to rely upon this documentation.