Matter of Fuller-Astarita v ABA Transp. Holding Co. (2025 NY Slip Op 06937)

Matter of Fuller-Astarita v ABA Transp. Holding Co.

2025 NY Slip Op 06937

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-0366
[*1]In the Matter of the Claim of Joanne Fuller-Astarita, Appellant,
vABA Transportation Holding Co., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Lawrence A. Wilson, New York City (Norman A. Olch of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Luke R. Tarantino of counsel), for ABA Transportation Holding Co., respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed January 24, 2024, which denied claimant's application for reconsideration and/or full Board review.
The facts of this matter are familiar to this Court, having been the subject of two prior appeals, and are set forth in this Court's prior decisions (201 AD3d 1108 [3d Dept 2022], lv dismissed 38 NY3d 1171 [2022]; 176 AD3d 1530 [3d Dept 2019]). Briefly, in 2016, claimant, a bus driver's assistant, sustained injuries after being struck by a bus owned by her employer. Asserting that her injuries did not arise out of and in the course of her employment given that she was unemployed and collecting unemployment insurance benefits on the date of the incident, claimant disputed the workers' compensation claim filed by the employer on her behalf. A Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant sustained work-related injuries and established the workers' compensation claim. The Workers' Compensation Board, among other things, denied claimant's application for administrative review, concluding that the RB-89 form was not filled out completely by counsel. Upon appeal, this Court affirmed, finding that any challenge to the application for review was abandoned as claimant raised only a challenge to the underlying merits of the WCLJ's decision, which was not properly before the Court as the Board's decision was limited to the failure to follow procedural rules and regulations (176 AD3d at 1531).
Following this Court's decision, claimant filed an application for a rehearing and/or reopening, alleging, among other things, that the Board lacked subject matter jurisdiction over the claim. The Board denied the application and, upon appeal, this Court affirmed (201 AD3d at 1108-1110). Thereafter, claimant filed another application with the Board seeking reconsideration in the interest of justice and on the merits. The Board, in a decision filed January 24, 2024, denied the application, prompting this appeal.
An application for reopening and/or rehearing of a case may be made upon the presentation of material evidence not previously available, where there is proof of a change in condition or in the interest of justice (see 12 NYCRR 300.14 [a]). "The Board's interpretation of a request for reopening, and its decision about whether to reopen a case, are matters within its discretion, and the Board's decision will not be disturbed absent an abuse of discretion" (Matter of Coyle v W & W Steel Erectors LLC, 238 AD3d 1302, 1303 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1062 [3d Dept 2023], lv denied & dismissed 42 NY3d 967 [2024]).
As set forth in claimant's application, she requested reopening and/or a rehearing "[i]n the interest of justice, and on the merits" on the basis that the record did not demonstrate the existence of an employer-employee relationship because, at the time the [*2]injuries occurred, she was unemployed, not in the course of her employment and not on the employer's premises at the time of the accident.[FN1] A review of the Board's decision reflects that it denied the application on the ground that there was no new material evidence presented supporting a change in condition or newly discovered evidence. The Board further found that the issue of subject matter jurisdiction had been fully litigated through testimony from claimant and the employer regarding the existence of an employment relationship prior to the claim being established. The Board failed to address, however, claimant's request that she nevertheless be granted relief in the interest of justice based upon the unique circumstances presented here. As the Board's decision fails to provide a basis for its denial of claimant's request for a rehearing or reopening in the interest of justice, meaningful appellate review of the propriety of the Board's exercise of its discretion in this regard is precluded (see Matter of Sequino v Sears Holdings, 206 AD3d 1408, 1411 [3d Dept 2022]; Matter of Ippolito v NYC Tr. Auth., 203 AD3d 1360, 1361 [3d Dept 2022]). "Accordingly, the matter must be remitted to the Board for it to satisfy its obligation to address the issues raised by claimant on administrative appeal and provide a detailed explanation for its determination" (Matter of Williams v New York City Tr. Auth., 214 AD3d 1099, 1100-1101 [3d Dept 2023] [citation omitted]).
Garry, P.J., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The record reflects that claimant was struck by the employer's bus while crossing a public street.