Matter of Ippolito v NYC Tr. Auth. (2022 NY Slip Op 01493)





Matter of Ippolito v NYC Tr. Auth.


2022 NY Slip Op 01493


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

532985
[*1]In the Matter of the Claim of Joseph Ippolito, Claimant,
v
NYC Transit Authority, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jones Jones LLC, New York City (Katherine Caracappa of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2020, which ruled that claimant was entitled to schedule loss of use awards.
Claimant, a track supervisor, established an occupational disease for injuries to both elbows, both ankles and both knees, as well as bilateral carpal tunnel syndrome, with a date of disablement set at November 15, 2018. On May 30, 2019, David Capiola, claimant's orthopedist, filed a C-4.3 report stating that claimant had reached maximum medical improvement (hereinafter MMI) and was permanently impaired. Capiola concluded that, according to the 2018 Workers' Compensation Guidelines, claimant sustained a 10% schedule loss of use (hereinafter SLU) of both elbows, a 25% SLU of both hands, a 20% SLU of both legs and a 20% SLU of both ankles. The self-insured employer was precluded from producing an independent medical report, having waived the opportunity to do so. Following deposition testimony by Capiola, the employer filed a written summation challenging Capiola's medical opinion, asserting that the finding of permanency was premature because claimant did not exhaust conservative treatment and Capiola did not review all of claimant's medical records, that the medical opinion as to schedule loss of use did not comply with the 2018 Workers' Compensation Guidelines (hereinafter the guidelines) and that the medical findings were inconsistent with claimant's complaints of pain and physical abilities.
The Workers' Compensation Law Judge (hereinafter WCLJ), in a reserved decision, found that, based upon Capiola's permanency opinion, his testimony and a review of the guidelines, claimant had reached MMI and was entitled to lump-sum awards based upon the SLUs as set forth by Capiola, with the exception of each hand, which the WCLJ reduced to 10% in consideration of the special considerations set forth in the guidelines as well as the mild limitations in claimant's range of motion as noted by Capiola. Upon administrative review, the employer renewed its objections that the credibility of the medical opinion was not based on a complete review of claimant's medical records, that claimant had not reached MMI, that the guidelines were not followed in rendering the medical opinion and that there was inconsistency between claimant's medical condition and his physical restrictions. The Workers' Compensation Board affirmed, and the employer appeals.
The employer contends that the Board erred in not addressing the issues raised in its application for administrative review. We agree. The Board must address in its decision the issues raised in an application for review (see Workers' Compensation Law § 23; Matter of Tucker v Fort Hudson Nursing Home, 65 AD3d 1442, 1442 [2009]). In its decision, the Board sets forth in detail the parties' opposing positions and then adopted the findings and decision of the WCLJ. Neither the decision of the Board nor that of the WCLJ sets forth any reasoning or analysis of [*2]the substantive issues raised by the employer. Although there was no opposing medical opinion and the Board "may not reject an uncontradicted opinion that is properly rendered" (Matter of Taylor v Buffalo Psychiatric Ctr., 199 AD3d 1110, 1112 [2021]), the issues raised by the employer in its application for review challenged the propriety and reliability of Capiola's permanency findings. The Board's failure to specifically address the claims raised by the employer "depriv[ed] the employer . . . of the opportunity to have the Board consider the merits of . . . issue[s] that [were] properly preserved" and precludes any meaningful review by this Court (Matter of Tucker v Fort Hudson Nursing Home, 65 AD3d at 1442 [internal quotation marks, brackets and citations omitted]; see Matter of Rawlings v Reliable Sample Co., 23 AD2d 921, 922 [1965]). As such, the matter must be remitted to the Board for resolution of those issues.
Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.