Matter of Sequino v Sears Holdings (2022 NY Slip Op 04070)

Matter of Sequino v Sears Holdings

2022 NY Slip Op 04070

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533038
[*1]In the Matter of the Claim of Danielle Sequino, Appellant,
v
Sears Holdings et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Sears Holdings and another, respondents.

Clark, J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 10, 2020, which, among other things, ruled that certain bills submitted by treatment providers for medical treatment provided to claimant were not causally related to established conditions, and (2) from a decision of said Board, filed October 7, 2020, which denied claimant's application for reconsideration and/or Full Board review.
As a result of a 2007 work-related accident, claimant sustained numerous injuries and has established claims for right carpal tunnel syndrome, urinary tract infection, incontinence, temporomandibular joint disorder and injuries to her left knee, two teeth, head (traumatic brain injury), face, neck and right shoulder. In 2011, claimant was classified as permanently totally disabled. A hearing was held on September 6, 2019 to address objections — raised by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) in C-8.1 forms — to medical and hospital bills submitted to the carrier for payment pursuant to Workers' Compensation Law § 13. During the hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) apparently made findings regarding some of the carrier's objections to paying the disputed medical bills. However, an audio malfunction occurred and a transcript could not be produced. The Workers' Compensation Board later directed the WCLJ to issue a notice of decision indicating the findings that had been made at that hearing and to make any necessary new findings.
The WCLJ thereafter issued a notice of decision, filed on April 24, 2020, in favor of the carrier, sustaining dozens of the medical bill objections filed by the carrier between 2017 and 2020, ruling, among other things, that the bills were either untimely filed, inadequately documented, duplicative, for treatment not authorized or for treatment that was, in whole or in part, not causally related to established medical conditions. The WCLJ found prima facie medical evidence of consequential colitis and afforded the carrier an opportunity to produce an independent medical exam on that condition. Upon claimant's administrative appeal, in August 2020 the Board upheld the WCLJ's ruling sustaining the carrier's objections to the disputed medical bills, but modified the decision by holding in abeyance the objections to medical bills related to colitis treatment pending development of the record and a determination on the issue of causal relationship of that condition. The Board thereafter denied claimant's application for reconsideration and/or Full Board review. Claimant now appeals from both decisions.
As limited by her brief, claimant is challenging the Board's August 2020 decision to the extent that it affirms the WCLJ's ruling denying payment of 26 medical bills which were found not to be compensable on the ground that the medical services were not causally related to her established conditions. Pursuant to Workers' [*2]Compensation Law § 13 (a), the employer is liable for payment of the expenses of medical and hospital treatment "for such period as the nature of the injury or the process of recovery may require" (see Matter of Smith v Tompkins County Courthouse, 60 NY2d 939, 940 [1983]; Matter of Quigley v Village of E. Aurora, 193 AD3d 207, 213 [2021], lv denied 37 NY3d 908 [2021]).[FN1] The issue of whether the medical treatment provided to claimant, for which the medical providers and hospitals seek compensation, is causally related to claimant's established medical conditions requires reliance on medical reports or opinions, and resolution of conflicting medical opinions. Although the Board decision states that the issue of the compensability of these medical claims has been developed through the submission of medical bills, medical reports and the parties' memoranda in the record, and that the WCLJ's decision "succinctly and accurately summarized the [medical] evidence," this latter statement is incorrect. As relevant here, the WCLJ's decision merely lists by date the carrier's C-8.1 objections to specified dates of service and provides a cursory reason for sustaining each objection and ruling in favor of the carrier. The WCLJ's decision fails to specify the medical evidence upon which the ruling is based.[FN2] The Board's decision similarly fails to reference any medical proof or opinions or the evidentiary basis for upholding the WCLJ's decision regarding non-compensability of the billed medical treatment based upon a lack of causal relationship.
Although, "the Board has the exclusive province to resolve conflicting medical opinions" and to evaluate medical evidence before it, and its factual determinations on causal relationship will not be disturbed if supported by substantial evidence in the record, its decision here fails to indicate what medical opinions or reports formed the basis for the conclusions reached regarding causal relationship (Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d 1264, 1266 [2019] [internal quotation marks and citations omitted]; see Matter of Sedlock v Employ Bridge, 172 AD3d 1684, 1685 [2019]; compare Matter of Yolinsky v Village of Scarsdale, 202 AD3d 1262, 1264-1265 [2022]). It is further noted that many of the bills or supporting records include multiple diagnoses and charges, with some of the diagnoses appearing to match the established conditions, such as treatment for a urinary tract infection. No basis is provided for denying compensability for portions of the bills related to established conditions, i.e., for denying payment for the entire medical bill based upon the inclusion of non-compensable treatment in the bill or records.
By failing to provide the reasons for its rulings or the basis upon which the determination was made, the WCLJ and the Board "failed to satisfy [their] obligation to provide some basis for appellate review" (Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d 1286[*3], 1288 [2018] [internal quotation marks and citation omitted]). As a result, meaningful appellate review by this Court is precluded (see Matter of Ippolito v NYC Tr. Auth., 203 AD3d 1360, 1361 [2022]). Accordingly, the matter must be remitted so that the Board can fulfill its obligation and provide a detailed explanation — as to each medical bill in dispute — for its determinations that the entirety or portions of each of the medical bills are not causally related to established compensable conditions (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]; Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d at 1288). The Board is free, if deemed necessary, to permit further development of the record, to direct that a hearing be held to consider additional evidentiary materials or arguments, or to undertake any other appropriate measure to facilitate a determination of the objections in issue based upon record evidence.
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are modified, without costs, by reversing so much thereof as ruled that the disputed medical bills are not causally related to established conditions; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: "The employer is liable for the direct payment to the physician, hospital or other medical provider of services or treatment, and payment may not be sought from the claimant" (Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 13 at 183 [2013 ed]).
Footnote 2: The Board's digital file submitted on this appeal consists of more than 27,000 pages and the parties' briefs make no reference to the medical evidence or citation to the medical reports, bills or evidence in the Board file. Although the parties submitted appendices that include some bills, they do not include medical records or physician reports or opinions.