Matter of Williams v New York City Tr. Auth. (2023 NY Slip Op 01217)

Matter of Williams v New York City Tr. Auth.

2023 NY Slip Op 01217

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

534674
[*1]In the Matter of the Claim of Charles Williams, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed December 31, 2021, which ruled, among other things, that the employer filed a timely notice of controversy.
Claimant, a train conductor for the self-insured employer, filed a claim for workers' compensation benefits contending that he sustained posttraumatic stress disorder following an incident on March 15, 2021 whereby a person was discovered to have fallen between train cars and died. The Workers' Compensation Board issued a Notice of Case Assembly on March 22, 2021. On that same day, the employer submitted a First Report of Injury form (hereinafter FROI-00), indicating the claim type as "M — Medical Only" and the Agreement to Compensation as "L — With Liability." On March 30, 2021, the employer filed a Subsequent Report of Injury — Employer Paid form, reflecting that it paid indemnity benefits, without liability, for the period March 16, 2021 through March 29, 2021. A Subsequent Report of Injury — SJ form was then filed by the employer on May 5, 2021 indicating that its payments made to claimant, without liability, were suspended. Shortly thereafter, on May 7, 2021, the employer filed a notice of controversy via a Subsequent Report of Injury — Denial form, reflecting that the claim was controverted and raising various defenses, including that there was no causal relationship between claimant's posttraumatic stress disorder and his employment, no compensable accident and no accident and/or injury arising out of and in the course of claimant's employment. These defenses were again raised in the prehearing conference statement.
At the ensuing hearing, claimant objected to the employer's notice of controversy, asserting that it was untimely and, therefore, the employer was precluded from raising any defenses. A Workers' Compensation Law Judge found prima facie medical evidence of posttraumatic stress disorder and, over claimant's objection, afforded the employer an opportunity to schedule an independent medical examination within 90 days. Claimant appealed, contending, among other things, that the employer's filing of a notice of controversy on May 7, 2021 was untimely because its filing did not comply with the 25-day statutory time period set forth in Workers' Compensation Law § 25 (2) (b). Further, claimant asserted that the employer's initial FROI-00 indicating "L — With Liability" should be deemed a binding acceptance of the claim with liability. Otherwise, according to claimant, the application of 12 NYCRR 300.37 (c) — which dispenses with the need for indexing where a claim is accepted — would result in an improper extension of time in which to controvert a claim, thereby effectively nullifying the statutory time limit set forth in Workers' Compensation Law § 25 (2) (b). The Board, by decision filed December 31, 2021, found that where, as here, a claim was never indexed, the provisions of Workers' Compensation Law § 25 (2) (b) are inapplicable and ruled that the employer [*2]did not file an untimely notice of controversy. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from the Board's December 31, 2021 decision.
Although the Board concluded that Workers' Compensation Law § 25 (2) (b) is inapplicable given that the claim was never indexed (see Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1603 [3d Dept 2017], lv denied 30 NY3d 902 [2017]), the Board did not address the related issue raised upon administrative appeal that the employer's initial FROI-00 was a binding acceptance of the claim. Further, and as evidenced by the nature of the briefs filed by the parties, the Board provided no reasoning or basis for its determination that the notice of controversy was timely filed. As such, meaningful appellate review by this Court is precluded (see Matter of Sequino v Sears Holdings, 206 AD3d 1408, 1411 [3d Dept 2022]; Matter of Ippolito v NYC Tr. Auth., 203 AD3d 1360, 1361 [3d Dept 2022]). Accordingly, the matter must be remitted to the Board for it to satisfy its obligation to address the issues raised by claimant on administrative appeal and provide a detailed explanation for its determination (see Matter of Ippolito v NYC Tr. Auth., 203 AD3d at 1361).
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.