Matter of Shakil v New York City Tr. Auth. (2023 NY Slip Op 06178)

Matter of Shakil v New York City Tr. Auth.

2023 NY Slip Op 06178

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

535513
[*1]In the Matter of the Claim of Mehwish Shakil, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Jones Jones LLC, New York City (Stacee Vaikness of counsel), for New York City Transit Authority, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 16, 2022, which ruled, among other things, that the employer filed a timely notice of controversy and disallowed claimant's claim for workers' compensation benefits.
Claimant worked as a mass transit customer service agent for the self-insured employer. On January 14, 2021, an emotionally disturbed person came up to her enclosed booth and banged on the windows while screaming and threatening to kill her. Thereafter, claimant took a three-month unpaid leave from work under the Family and Medical Leave Act (29 USC § 2601 et seq.) and was treated by a private medical provider. Upon returning to work, claimant had a panic attack, and her supervisor advised her that she should file a workers' compensation claim. She was referred to a medical provider authorized by the Workers' Compensation Board, who initially evaluated claimant on June 4, 2021 and diagnosed her with causally-related anxiety and acute stress reaction, providing the first notice of the incident to her employer on that date. The employer submitted a First Report of Injury form on June 15, 2021, indicating the Claim Type as "M — Medical Only" and the Agreement to Compensation as "L — With Liability," and the Workers' Compensation Board issued a Notice of Case Assembly and advised the parties. Claimant filed a claim for workers' compensation benefits on June 21, 2021, asserting that she sustained posttraumatic stress disorder (hereinafter PTSD). The following day, June 22, 2021, she began treating with a licensed social worker, who diagnosed her with causally-related PTSD, opined that she remained unable to return to work at that time and submitted a medical report to the Board.
Claimant remained out of work without pay and filed a Request for Further Action by Legal Counsel, requesting a hearing to establish her claim for PTSD. At the first hearing on November 8, 2021, claimant argued that the claim had been established because the employer had not denied or controverted it and had paid her medical bills. The employer controverted the claim and argued that, because the Board had not indexed the case, the 25-day time period in which to file a notice of controversy under Workers' Compensation Law § 25 (2) (b) had not been triggered (see generally 12 NYCRR 300.37 [c]). A Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of PTSD, agreed that the employer was entitled to controvert the claim and, thus, afforded it the opportunity to schedule an independent medical examination. The employer later filed a Subsequent Report of Injury controverting and denying the claim based on, among other grounds, no compensable accident. Claimant's treatment providers were deposed in December 2021, and claimant testified at the next hearing regarding the incident and her inability to work.
The WCLJ credited claimant's testimony but disallowed the claim, finding that the incident did not qualify as an accident [*2]in that claimant testified that she frequently experienced verbal abuse while working in the transit system and, thus, did not establish that the stress that caused her psychiatric injury was greater than that which other similarly-situated workers experienced in a normal work environment. Claimant administratively appealed both decisions, arguing that the WCLJ had erred in permitting the employer to controvert the claim and that the claim should be established for PTSD. The Board affirmed the decisions of the WCLJ, agreeing that, because it never indexed the claim, the provisions of Workers' Compensation Law § 25 (2) (b) did not apply. The Board further upheld the WCLJ's finding of no compensable accident. Claimant appeals.
Although the Board concluded that Workers' Compensation Law § 25 (2) (b) did not apply to this case (see Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1603 [3d Dept 2017], lv denied 30 NY3d 902 [2017]), it did not address any of the related arguments raised by claimant, including that the employer's First Report of Injury form, indicating acceptance of the claim with liability, was binding or that the employer's subsequent actions in controverting the claim violated the purpose of 12 NYCRR 300.37 (c). As such, meaningful judicial review of nearly all of claimant's contentions on appeal is precluded. As in Matter of Williams v New York City Tr. Auth. (214 AD3d 1099 [3d Dept 2023]), we remit the matter to the Board for it to satisfy its obligation to address the issues raised by claimant on administrative appeal and provide an explanation for its determination (see id. at 1100-1101; see also Matter of Sequino v Sears Holdings, 206 AD3d 1408, 1411 [3d Dept 2022]; Matter of Ippolito v NYC Tr. Auth., 203 AD3d 1360, 1361 [3d Dept 2022]; see generally Workers' Compensation Law § 23).[FN1]
Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Attorney General elected not to participate in this matter, involving significant questions of statutory and regulatory interpretation, while urging this Court not to draw any adverse inference from that lack of participation. This was also the case the last time these arguments were raised to this Court (see Matter of Williams v New York City Tr. Auth., 214 AD3d 1099). We strongly encourage such participation on any potential appeal following this remittal.