Matter of Collins v New York City Tr. Auth. (2025 NY Slip Op 02110)

Matter of Collins v New York City Tr. Auth.

2025 NY Slip Op 02110

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-23-0409
[*1]In the Matter of the Claim of Jennel Collins, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed February 9, 2023, which ruled, among other things, that the employer filed a timely notice of controversy.
On March 7, 2022, claimant, who worked as a cleaner for the New York City Transit Authority (hereinafter the employer), reported to the employer that she sustained injuries at work the day prior when the bench she went to sit on tilted, causing her to fall backward on the floor. On March 8, 2022, the employer filed with the Workers' Compensation Board a First Report of Injury form listing the Claim Type as "W - Lost Time with No Paid Indemnity" and the Agreement to Compensate as "L - With Liability." A Notice of Case Assembly was then issued by the Board advising the parties that a case folder was created and a case number assigned. Claimant thereafter submitted a claim for workers' compensation benefits, alleging causally-related injuries to her arm.[FN1] A subsequent medical report authored by Landis Barnes, a physician who examined claimant, shed more light on the nature of claimant's injuries, diagnosing her with sprains of the right shoulder and thoracic spine, and concluding that the injuries were causally-related to the work incident.
Claimant remained out of work without compensation and, in May 2022, filed a request for further action for lost wage benefits. In June 2022, the employer submitted a Subsequent Report of Injury form and a prehearing conference statement, controverting the claim on the grounds that there was no accident in the course of employment, insufficient prima facie medical evidence and no causal relationship between the injuries and employment. At the ensuing hearing, claimant argued that the claim should be established because the employer had not timely denied or controverted the claim after receiving notice thereof or within 25 days of indexing and, further, that the employer, in the two reports of injury forms, accepted the claim with liability. The Workers' Compensation Law Judge (hereinafter WCLJ), by decision filed July 18, 2022, found that the employer failed to timely controvert the claim and, therefore, waived any defenses, and further found prima facie medical evidence for the case to continue.
The employer filed an administrative appeal, asserting that, because the Board had not indexed the case, the 25-day time period in which to file a notice of controversy under Workers' Compensation Law § 25 (2) (b) had not been triggered (see generally 12 NYCRR 300.37 [c]), and that its prehearing conference statement controverting the claim was timely (see 12 NYCRR 300.38 [f]). During the pendency of that appeal, and following a hearing, the WCLJ, in a decision filed August 29, 2022, among other things, established the claim for a work-related injury to claimant's arm/right shoulder, set claimant's average weekly wage and awarded benefits at a temporary total disability rate. The employer filed an administrative appeal from that decision, arguing that [*2]the claim was prematurely established given the pending administrative appeal from the July 18, 2022 WCLJ decision, and maintaining that there was no accident or causally-related injury sustained. In a decision filed February 9, 2023, the Board modified the WCLJ's July 18, 2022 decision by finding that the employer did not waive its defenses and that the provisions of Workers' Compensation Law § 25 (2) (b) are inapplicable as the matter was not indexed by the Board, and, therefore, the employer's preconference statement controverting the claim was timely filed. As such, the Board rescinded the WCLJ's August 29, 2022 decision and returned the case to the hearing calendar for further development of the record. This appeal by claimant ensued.
The matter must be remitted. Despite the Board concluding that Workers' Compensation Law § 25 (2) (b) did not apply here (see Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1603 [3d Dept 2017], lv denied 30 NY3d 902 [2017]), it did not address the related arguments raised by claimant as to whether the employer's Report of Injury forms, which indicated acceptance of the claim with liability, were binding or whether the employer's subsequent actions in controverting the claim violated the purpose of 12 NYCRR 300.37 (c) or the statutory time frames set forth in Workers' Compensation Law § 25 (2) (a). As such, meaningful judicial review of most of claimant's contentions on appeal is precluded. Consistent with our prior decisions in Matter of Shakil v New York City Tr. Auth. (221 AD3d 1380 [3d Dept 2023]) and Matter of Williams v New York City Tr. Auth. (214 AD3d 1099 [3d Dept 2023]), we remit the matter to the Board for it to satisfy its obligation to address the related issues raised by claimant on administrative appeal as alternative grounds for affirming the WCLJ's decision that the employer was precluded from raising any defenses and to provide an explanation for its determination.
Garry, P.J., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The initial claim described the accident as having occurred in a slightly different manner than how it was described in the First Report of Injury form. Claimant subsequently filed an amended claim clarifying the manner of the accident.