Matter of Shakil v New York City Tr. Auth.
2026 NY Slip Op 02897
May 7, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Mehwish Shakil, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Decided and Entered:May 7, 2026
CV-24-0785
Calendar Date: April 21, 2026
Before: Garry, P.J., Reynolds Fitzgerald, Ceresia, Powers And Mackey, JJ.

Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Jones Jones LLC, New York City (Stacee Vaikness of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

[*1]
Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed April 17, 2024, which ruled, among other things, that the employer filed a timely notice of controversy and disallowed claimant's claim for workers' compensation benefits.
The facts of this case are more fully set forth in this Court's prior decision in the matter (221 AD3d 1380 [3d Dept 2023]). Claimant worked as a mass transit customer service agent for the self-insured employer. In January 2021, an emotionally disturbed person began banging on the window of her enclosed booth while screaming and threatening to kill her. Claimant sought treatment from her primary physician and took a three-month unpaid leave of absence from her employment. Upon her return to work, she experienced a panic attack and was advised by her supervisor to file a claim for workers' compensation benefits. She was referred to a medical provider who initially evaluated her on June 4, 2021 and diagnosed her with causally related anxiety and acute stress reaction. On June 4, 2021, claimant filed a claim for workers' compensation benefits asserting that she was suffering from anxiety and panic attacks resulting from the January 2021 incident. On June 15, 2021, the employer electronically filed a First Report of Injury (hereinafter FROI), indicating "M-Medical Only" in the Claim Type field and "L-With Liability" in the Agreement to Compensate field, and the Workers' Compensation Board issued a Notice of Case Assembly and advised the parties. Claimant, represented by counsel, thereafter filed another claim for workers' compensation benefits on June 21, 2021, again asserting that she was suffering from anxiety and panic attacks resulting from the January 2021 incident.
Claimant filed a Request for Further Action on July 12, 2021, requesting a hearing to establish her claim, and the employer filed a Subsequent Report of Injury (hereinafter SROI) the next day, again entering "L-With Liability" in the Agreement to Compensate field. At the initial hearing on November 8, 2021, claimant argued that the claim had been established because the employer had not controverted the claim and had paid her medical bills. The employer controverted the claim for the first time at the hearing and, in support, argued that because the Board had not indexed the case, the 25-day time period in which to file a notice of controversy pursuant to Workers' Compensation Law § 25 (2) (b) had not been triggered and the notice of controversy was therefore timely. The Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie evidence of posttraumatic stress disorder and ruled that the employer was entitled to controvert the claim because the claim had not been indexed. Claimant's medical providers were deposed and claimant testified at a subsequent hearing as to the incident in question and her inability to work. Following that hearing, the WCLJ credited claimant's testimony but disallowed the claim, finding that claimant had not established [*2]that the stress that precipitated her posttraumatic stress disorder was greater than that which other similarly situated workers experienced in a normal work environment. The Board affirmed the decisions of the WCLJ and, on appeal, this Court reversed, finding that the Board had failed to address claimant's arguments related to the propriety of the employer's controverting of the claim, and remitted the matter to the Board to address these issues (id. at 1382).
Upon remittal, the Board modified the WCLJ decisions by assessing a $300 penalty against the employer for failing to either controvert the claim or begin payment of compensation benefits within the time limits of Workers' Compensation Law § 25 (2) (a), but otherwise affirmed. In affirming, the Board determined that the entries made by the employer on its FROI and SROI did not constitute a binding acceptance of the claim so as to waive its right to controvert the claim and, because the case had never been indexed, the time limitations for filing a notice of controversy pursuant to Workers' Compensation Law § 25 (2) (b) were inapplicable and, therefore, the employer's notice of controversy was timely. Claimant appeals, and we affirm.
Claimant contends that the employer's entry on its FROI of "L-With Liability" in the Agreement to Compensate field constituted a binding acceptance of the claim, precluding the employer from subsequently controverting the claim. We are unpersuaded. "On or before the 18th day after [a] disability event or within 10 days after the employer has knowledge of [a] disability event, whichever period is the greater," a self-insured employer, carrier or third-party administrator must file a FROI (12 NYCRR 300.22 [b] [1]; see Workers' Compensation Law § 110). In 2012, the Board adopted a national standard for the electronic submission of employer claims data with the implementation of the Electronic Data Interchange (hereinafter EDI) (see Workers' Compensation Board, Subject No. 046-477, Workers' Compensation Board Mandates Electronic Claims Filing Process [eClaims] [Mar. 2012]) and thereafter mandated in 2014 that all FROIs be filed electronically going forward (see Workers' Compensation Board, Subject No. 046-477, Per Mandatory EDI Claims Reporting, Board Announces Cutoff Date for Acceptance of Paper Forms [Apr. 2014]). When electronically filing a FROI, the filer may designate the claim type as M-Medical Only, which indicates that only medical expenses are being covered and no indemnity benefits are being paid (see 12 NYCRR 300.22 [b] [1] [i]).FN1 Prior to 2016, on a FROI for a medical-only claim, a self-insured employer could enter "W-Without Liability" in the Agreement to Compensate field (see NYS Workers' Compensation Board eClaims Change Log, https://www.wcb.ny.gov/content/ebiz/eclaims/ReqTables/NYSeClaimsChangeLog.pdf, 28, 36 [last accessed Apr. 8, 2026]). In 2016, the EDI system programming was changed to reject entries on medical-only claims that included "W-Without [*3]Liability" in the Agreement to Compensate field, requiring the filer to enter "L-With Liability" in that field for that type of claim (see NYS Workers' Compensation Board eClaims Change Log, https://www.wcb.ny.gov/content/ebiz/eclaims/ReqTables/NYSeClaimsChangeLog.pdf, 28, 36 [last accessed Apr. 8, 2026]). The reason provided by the EDI programmers was that using the entry "W-Without Liability" on medical-only claims would inaccurately "inform the Board that indemnity is being paid pursuant to [Workers' Compensation Law § 21-a]" and a medical-only classification "[i]s not [an] indemnity type classification code[ ]" (see NYS Workers' Compensation Board eClaims Change Log, https://www.wcb.ny.gov/content/ebiz/eclaims/ReqTables/NYSeClaimsChangeLog.pdf, 28, 36 [last accessed Apr. 8, 2026]).FN2 Accordingly, inasmuch as, at the time the employer filed its FROI in this matter, it was required to enter "L-With Liability" in the Agreement to Compensate field on the EDI, the Board's determination that the employer did not waive its right to controvert the claim by making such an entry was reasonable and, therefore, will not be disturbed. Further, given that the employer had no choice but to enter "L-With Liability" for a medical-only claim, we reject claimant's contention that the employer made the entry to "game the system."
Claimant also argues that the employer's November 2021 notice of controversy was untimely and that the Board erred in accepting it. As to the statutory timing of a notice of controversy, if an employer "decides to controvert the right to compensation, it shall, either on or before the [18th] day after disability or within [10] days after it has knowledge of the alleged accident, whichever period is the greater, file a notice with the chair . . . that compensation is not being paid, giving . . . the reason why compensation is not being paid" (Workers' Compensation Law § 25 [2] [a]). A failure to timely file a notice of controversy within the prescribed time period may result, as it did in this matter, in a $300 penalty being assessed the employer by the Board, payable to the claimant (see Workers' Compensation Law § 25 [2] [a]). The statute does not preclude an employer from submitting a notice of controversy after the lapse of the prescribed time period or impose any nonmonetary penalties (see Workers' Compensation Law § 25 [2] [a]).
Pursuant to Workers' Compensation Law § 25 (2) (b), "[i]n the event the [B]oard shall notify an employer or [its] insurance carrier that a workers' compensation case has been indexed against such employer, and the employer or insurance carrier decides to controvert the right to compensation, a notice of controversy shall be filed with the chair within [25] days from the date of mailing of a notice that the case has been indexed." Failure to file such notice within the prescribed time limit "shall bar the employer and its insurance carrier from pleading that the injured person was not at the time of the accident [*4]an employee of the employer, or that the employee did not sustain an accidental injury, or that the injury did not arise out of and in the course of the employment" (Workers' Compensation Law § 25 [2] [b]). Here, however, inasmuch as the Board never indexed the claim, the provisions of Workers' Compensation Law § 25 (2) (b) do not apply (see Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1603 [3d Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Enriquez v Home Lawn Care & Landscaping, Inc., 77 AD3d 1149, 1151 [2010]).
Further, the one-year time period under Workers' Compensation Law § 21-a whereby an employer may make compensation benefits without prejudice or admitting liability was not invoked by the employer in this matter (see Workers' Compensation Law § 21-a [2]) and, therefore, it is also inapplicable. In light of the foregoing, we find that claimant has not demonstrated that the notice of controversy was untimely.
Claimant also asserts that the Board erred in failing to index the claim, which would have triggered the time limitations on filing a notice of controversy provided by Workers' Compensation Law § 25 (2) (b). Pursuant to 12 NYCRR 300.37, upon the receipt of a claimant's C-3 form or an employer's FROI, a medical report referencing an injury and a completed authorization for release of medical records concerning prior medical history, the Board shall index the claim within five business days (see 12 NYCRR 300.37 [b] [1] [i-iii]; [3]). If, however, prior to the receipt of all of the documents required by 12 NYCRR 300.37 (b) (1) (i-iii), the employer submits notice to the Board that it either accepts the claim, agrees to make temporary payment of compensation, medical treatment and prescribed medicine without prejudice and without admitting liability pursuant to Workers' Compensation Law § 21-a or controverts the claim, the Board will not index the claim (see 12 NYCRR 300.37 [c] [1]).
We disagree with claimant that 12 NYCRR 300.37 (c) (1) eviscerates the legislative intent of Workers' Compensation Law § 25 (2) (b) and Workers' Compensation Law § 21-a by providing an employer unlimited time to file a notice of controversy while not providing compensation to the claimant. As indicated in 12 NYCRR 300.37 (c) (1) (ii), an employer may pay compensation benefits without waiving any right to controvert the claim for one year under Workers' Compensation Law § 21-a (1). In addition, pursuant to Workers' Compensation Law § 25 (2) (a), "[w]hen a claim for compensation is filed with medical evidence of work related injury or illness, and the claimant is disabled and not working, and the claimant is otherwise entitled to compensation, and the employer is not making payment to the claimant as required herein, and the employer has not controverted the claim, and the efforts to resolve the issue with the [employer] have not been successful, the claimant may request . . . a hearing to be held within [45] days."FN3 Claimants [*5]may also invoke 12 NYCRR 300.37 (b) (1) that mandates that the Board index a claim within five business days, triggering the time limitations on the filing of notices of controversy in Workers' Compensation Law § 25 (2) (b), when a claimant submits a C-3 form, a medical report and an authorization for medical records. Accordingly, we cannot conclude that 12 NYCRR 300.37, as promulgated, provides employers with unlimited time to file a notice of controversy without any redress by a claimant in contravention of Workers' Compensation Law §§ 21-a and 25 (2) (b).
Claimant also challenges the Board's finding that, by entering "L-With Liability" on the FROI, the employer was accepting the claim and, therefore, the claim did not need to be indexed pursuant to 12 NYCRR 300.37 (c) (1). Initially, we note that the Board has subsequently changed the EDI system to eliminate the requirement that filers for medical-only claims enter "L-With Liability" (see Workers' Compensation Board, Subject No. 046-1704, New York State Workers' Compensation Board Case Indexing Initiative [July 2024]). Moreover, even assuming that the Board erred in finding that the entry constituted an acceptance of the claim for indexing purposes under 12 NYCRR 300.37 (c) (1) (i) and that the matter should have been indexed, given that the employer already filed a notice of controversy in this matter and a hearing on the merits of the claim was held, any relief we could provide claimant for the Board's error would not afford claimant with grounds for reversal of the Board's ultimate decision.
Turning to the merits of the denial of the claim, "[w]hether a compensable accident has occurred in the first instance is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Flores v Wellwood Cemetery Assoc. Inc., 232 AD3d 1003, 1003 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024])."While psychological and physical injury are compensable to the same extent, neither is compensable unless the claimant satisfies the separate elements that the injury was accidental and that it arose out of and in the course of employment" (Matter of McLaurin v New York City Tr. Auth., ___ NY3d ___, ___, 2025 NY Slip Op 06529, *2 [2025] [internal quotation marks, brackets and citations omitted]). "At the time of the Board's decision[ ], emotional stress-induced psychological injury was considered accidental only if the claimant established that the stress they experienced in the workplace was greater than that which other similarly situated workers experienced in the normal work environment" (id. [internal quotation marks and citation omitted]; see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d 1141, 1141 [3d Dept 2025], lv denied 43 NY3d 906 [2025]).FN4 "In applying this standard to determine whether [*6]a compensable workplace accident has occurred, the Board must consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental, or whether the stressor was instead an unusual, unexpected or extraordinary part thereof and therefore accidental" (Matter of Spillers v Health & Hosp. Corp., 225 AD3d 1100, 1103 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d at 1141-1142).
Here, claimant was working inside a customer service booth when an emotionally disturbed individual began banging on the booth, cursing and directing threats at her. Claimant testified that she pushed the emergency call button and the authorities came to her aid. Claimant further testified that she often has interactions with emotionally disturbed individuals at work and that other station agents similarly experience such interactions. Given the foregoing, the Board's finding that the stressful situation experienced by claimant "was not vastly different from those types of stressful situations one could expect to encounter as a station agent working in the New York City subway system" and "did not rise to a level that was greater then that which other similarly situated station agents experience in the normal work environment" is supported by substantial evidence in the record (see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d at 1143; Matter of Casey v United Ref. Co. of Pa., 194 AD3d 1300, 1301 [3d Dept 2021]). Accordingly, it will not be disturbed. Claimant's remaining claims, to the extent not addressed herein, have been considered and found to be without merit.
Garry, P.J., Reynolds Fitzgerald, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1
Claimant's argument that the claim should not have been characterized as a medical-only claim was not raised before the Board and, therefore, the issue is not properly before us (see Matter of Wagner v Bobley Publ. Corp., 245 AD3d 1048, 1051 [3d Dept 2026];Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [3d Dept 2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]).

Footnote 2
Pursuant to Workers' Compensation Law § 21-a (1), "in any instance in which an employer is unsure of the extent of its liability for a claim for compensation by an injured employee . . . , such employer may initiate compensation payments and payments for prescribed medicine and continue such payments for one year, without prejudice and without admitting liability."

Footnote 3
Although claimant sought a hearing on July 12, 2021, she did not request a 45-day hearing pursuant to Workers' Compensation Law § 25 (2) (a).

Footnote 4
We note that after the Board decided the administrative appeal in this matter, the Legislature amended the Workers' Compensation Law, providing that the Board "may not disallow a claim" for posttraumatic stress disorder, acute stress disorder or major depressive disorder "upon a factual finding that the stress was not greater than that which usually occurs in the normal work environment" (Workers' Compensation Law § 10 [3] [c]; see Matter of McLaurin v New York City Tr. Auth., ___ NY3d at ___, 2025 NY Slip Op 06529, *2 [2025]). The parties have not expressed their views as to whether the amended language applies retroactively to the Board's decision that predated the effective date of the legislation.