Matter of Williams v New York City Tr. Auth.
2026 NY Slip Op 03707
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Charles O. Williams, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Decided and Entered:June 11, 2026
CV-24-0860
Calendar Date: May 12, 2026
Before: Garry, P.J., Pritzker, Reynolds Fitzgerald, Powers And Corcoran, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

[*1]
Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 17, 2024, which ruled, among other things, that the employer filed a timely notice of controversy and disallowed claimant's claim for workers' compensation benefits.
The facts of this case are more fully set forth in this Court's prior decision in the matter (214 AD3d 1099 [3d Dept 2023]). Claimant, a train conductor for the self-insured employer, filed a claim for workers' compensation benefits contending that he sustained posttraumatic stress disorder (hereinafter PTSD) following an incident on March 15, 2021, when a passenger was discovered to have fallen between train cars and died. On March 22, 2021, the employer electronically filed a First Report of Injury (hereinafter FROI), indicating "M-Medical Only" in the Claim Type field and "L-With Liability" in the Agreement to Compensate field. On March 30, 2021, the employer filed a Subsequent Report of Injury (hereinafter SROI) - Employer Paid form, indicating that it paid indemnity benefits, without liability, for the period of March 16, 2021 through March 29, 2021. The employer filed a SROI-SJ form on May 5, 2021 indicating that the payments made to claimant, without liability, were suspended, and on May 7, 2021, the employer filed a notice of controversy via a SROI-Denial form, reflecting that the claim was controverted and raising various defenses including no compensable accident and no accident arising out of and in the course of claimant's employment. The employer also raised its defenses in its prehearing conference statement.
At the hearing, claimant objected to the employer's notice of controversy, arguing that it was untimely and, therefore, the employer was precluded from raising any defenses. A Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie evidence of PTSD and, over claimant's objection, afforded the employer an opportunity to schedule an independent medical examination within 90 days. Claimant appealed, contending, among other things, that the employer's May 2021 notice of controversy was untimely because it was not filed within the 25-day statutory time period in Worker's Compensation Law § 25 (2) (b). Claimant also argued that the employer's FROI indicating "L-With Liability" should be deemed a binding acceptance of the claim with liability because otherwise the application of 12 NYCRR 300.37 (c) — which dispenses with the need to index a claim where the claim is accepted — would result in an improper extension of the time in which to controvert a claim, nullifying the time limit set forth in Workers' Compensation Law § 25 (2) (b). In a December 31, 2021 decision, the Workers' Compensation Board found that, inasmuch as the claim was never indexed, the provisions of Workers' Compensation Law § 25 (2) (b) did not apply and concluded that the employer's notice of controversy was not untimely filed, and claimant appealed. While that appeal was pending, the record was developed on the merits [*2]of the claim with the testimony of witnesses and the submission of medical reports and depositions and, in a February 2023 decision, the WCLJ established the claim for PTSD, and the employer sought Board review.
Regarding claimant's appeal of the Board's December 2021 decision, this Court reversed, finding that the Board had failed to address claimant's arguments regarding whether the employer's FROI was a binding acceptance of the claim and it had not provided the basis for finding a timely notice of controversy, and remitted the matter to the Board to address these issues (214 AD3dat 1100-1101). Upon remittal, the Board determined that the entry made by the employer on its FROI did not constitute a binding acceptance of the claim so as to waive its right to subsequently controvert the claim and, because the case had never been indexed, the time limitations for filing a notice of controversy pursuant to Workers' Compensation Law § 25 (2) (b) were inapplicable and, therefore, the employer's notice of controversy was timely. Moreover, the Board also determined, notwithstanding the applicability of Workers' Compensation Law § 25 (2) (b), that the employer had properly invoked the statutory one-year time limit to file a notice of controversy pursuant to Workers' Compensation Law § 21-a (1) in its March 30, 2021 SROI-Employer Paid form, rendering the employer's May 7, 2021 notice timely. The Board also reviewed the WCLJ's February 2023 decision establishing the claim, determining that the stress experienced by claimant was no greater than that which similarly situated workers experienced in their normal work environment and, therefore, he did not sustain an accident within the meaning of the Workers' Compensation Law. Based upon this determination, the Board reversed the WCLJ's decision and disallowed the claim. Claimant appeals, and we affirm.
This Court recently addressed the same issues regarding the impact of the employer indicating "L-With Liability" in the Agreement to Compensation field on its FROI (see Matter of Shakil v New York City Tr. Auth, ___ AD3d ___, 2026 NY Slip Op 02897 [3d Dept 2026]). For the reasons stated in that decision, we conclude that, due to limitations in the Board's electronic filing system at the time the employer filed the FROI whereby an employer was required to make that entry for "Medical Only" claims, the Board's determination that the employer did not waive its right to controvert the claim was reasonable and will not be disturbed.FN1 Similarly, for the reasons stated in our recent decision, we reject claimant's contention that 12 NYCRR 300.37 (c) provides employers with unlimited time to file a notice of controversy without any redress by a claimant in violation of Workers' Compensation Law §§ 21-a and 25 (2) (b) (see id.). As to the timeliness of the employer's notice of controversy, the record reflects that the employer filed an SROI-Employer Paid form on March 30, 2021, indicating that it paid indemnity benefits[*3], without liability, for the period of March 16, 2021 through March 29, 2021, thereby preserving its right to controvert the claim for one year (see Workers' Compensation Law § 21-a [1]). As such, the Board properly concluded that the employer's May 7, 2021 notice of controversy was timely.
Turning to the merits of the denial of the claim, "[w]hether a compensable accident has occurred in the first instance is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Hogan v ABF Frgt. Sys., Inc., 246 AD3d 1201, 1202 [3d Dept 2026] [internal quotation marks and citations omitted]; see Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024])."While psychological and physical injury are compensable to the same extent, neither is compensable unless the claimant satisfies the separate elements that the injury was accidental and that it arose out of and in the course of employment" (Matter of McLaurin v New York City Tr. Auth., ___ NY3d ___, ___, 2025 NY Slip Op 06529, *2 [2025] [internal quotation marks, brackets and citations omitted]). "At the time of the Board's decision, emotional stress-induced psychological injury was considered accidental only if the claimant established that the stress they experienced in the workplace was greater than that which other similarly situated workers experienced in the normal work environment" (id.; see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d 1141, 1141 [3d Dept 2025], lv denied 43 NY3d 906 [2025]).FN2 "In applying this standard to determine whether a compensable workplace accident has occurred, the Board must consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental, or whether the stressor was instead an unusual, unexpected or extraordinary part thereof and therefore accidental" (Matter of Spillers v Health & Hosp. Corp., 225 AD3d 1100, 1103 [3d Dept 2024] [internal quotation marks and citation omitted]; see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d at 1141-1142).
Claimant testified that, on the day of the incident, he was working as a train conductor when the train's emergency brakes were activated due to an object being detected under the train. Claimant's coworker, who was the operator of the train, went to investigate and he informed claimant that he had spotted blood on the wheels of the train. The coworker informed command control who instructed claimant to move all the passengers to the rear cars of the train so they can board a "rescue train." After he moved the passengers, claimant heard on the radio that the rescue train had run over the body of a person who had fallen off his train and claimant later heard that a passenger had been seen standing outside, between two cars of the train, and that the person suddenly [*4]disappeared. Claimant further testified that he did not see the victim's body.
The employer's two witnesses, a train service supervisor and the superintendent of train operations on duty at the time of the incident, both testified that, as a train conductor, there is always a possibility that you would be involved in a situation where your train strikes someone and that train operators and conductors were instructed to use code "12-9" when reporting such an incident in order for train personnel to discuss a train strike without upsetting the passengers. To that point, claimant testified that this was not the first time his train had struck an individual, referencing a 2007 incident, and that he had experienced another such incident during the time between the March 15, 2021 incident and his July 2023 hearing testimony.FN3 Given the foregoing, the Board's factual determination that the stress experienced by claimant was no greater than that which other similarly situated workers experience in the normal work environment is supported by substantial evidence and will not be disturbed (see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d at 1143; Matter of Cook v East Greenbush Police Dept., 114 AD3d 1005, 1006 [3d Dept 2014], lv denied 23 NY3d 904 [2014]).
Garry, P.J., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1
We note that, as of September 26, 2024, the Board eliminated the requirement that filers for medical only claims enter "L-With Liability" on FROI forms (see Workers' Compensation Board, Subject No. 046-1704, New York State Workers' Compensation Board Case Indexing Initiative [July 2024]).

Footnote 2
After the Board decided the administrative appeal in this matter, the Legislature amended the Workers' Compensation Law, providing that the Board "may not disallow a claim" for PTSD, acute stress disorder or major depressive disorder "upon a factual finding that the stress was not greater than that which usually occurs in the normal work environment" (Workers' Compensation Law § 10 [3] [c], as added by L 2025, ch 79, § 1; see Matter of McLaurin v New York City Tr. Auth., ___ NY3d at ___, 2025 NY Slip Op 06529, *2 [2025]). To the extent claimant is arguing that the amendment to Workers' Compensation Law § 10 (3) (c) should be applied retroactively to Board decisions that predate the effective date of this legislation, although not properly before us as it was raised for the first time in his reply brief (see Uzamere v State, 240 AD3d 1020, 1021 [3d Dept 2025]), for the reasons set forth in Matter of Croom v New York State Dept. of Corr. & Community Supervision (___ AD3d ___, ___ [3d Dept 2026] [decided herewith]), that contention lacks merit.

Footnote 3
The record reflects that claimant informed two medical examiners that this incident was the fourth time that his train had struck an individual.